**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAPHAEL MOSES SPEARMAN, | ) | |
| | ) | Civil Action No. 15 - 142 |
| Plaintiff, | ) | |
| | ) | District Judge Mark R. Hornak |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| D. NICKELOS, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute as he has failed to comply with the Court's Order dated June 24, 2015, to provide the Court with completed service forms by July 10, 2015.

## II. REPORT

The Complaint in this case was filed on February 5, 2015, without U.S. Marshal 285 forms or Notice of Lawsuit and Waiver of Summons forms for each defendant. On June 24, 2015, Plaintiff was Ordered to provide these completed forms to the Court no later than July 10, 2015. (ECF No. 10.) The Order stated that "failure to provide sufficient service copies of the complaint or completed service forms for each named Defendant by **July 10, 2015,** may result in a recommendation to the District Judge that this case be dismissed for failure to prosecute." Id. To date, no forms have been received. It is Plaintiff's obligation to provide these forms. Without them, service cannot be made and the case cannot proceed.

A district court has inherent power to dismiss an action, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal

is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. The responsibility for his failure to provide the Court with the completed service forms is his alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, the Complaint has not yet been served so the defendants have suffered no prejudice.

3. A history of dilatoriness.

It does not appear that Plaintiff has a history of dilatoriness. However, Plaintiff did not provide the Court with service forms for the defendants, and this is sufficient evidence, in the Court's view, to indicate that Plaintiff no longer desires to proceed with this action.

4. Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure to comply with the Court's Order was the result of any excusable neglect. Additionally, no motion for an extension of time to complete the forms has been filed. Thus, the conclusion that his failure is willful is inescapable.

5. Alternative sanctions.

Plaintiff is proceeding *in forma pauperis* so it is likely that any sanction imposing costs or fees upon him would be ineffective.

6. Meritorious of the claim or defense.

Plaintiff alleges that he was supposed to be placed in protective custody but was instead placed in general population. The Complaint may state a claim for relief, however, if it is not served, there will be no way for the defendants to respond to the charge or for relief to be granted. Plaintiff has at least one other case currently pending and is aware of his obligation to provide service copies.

The majority of the Poulis factors weigh in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed.

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute as he has failed to comply with the Court's Order dated June 24, 2015, to provide the Court with completed service forms by July 10, 2015.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: July 23, 2015.

Lisa Pupo Lenihan
United States Magistrate Judge

cc: **RAPHAEL MOSES SPEARMAN**
KK2947
301 Institution Dr.
Bellefonte, PA 16823